IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 3, 2018

**In Re: Jury Venire for the Week of July 24, 2017**

**Appeal from the Circuit Court for Davidson County**
**No. 17PJ      Joseph P. Binkley, Jr., Judge**

_____

**No. M2017-02113-COA-R3-CV**
_____

The trial court ordered the Appellant to pay its employee for the full twelve hours of a work shift excused due to the employee's jury service. For the reasons stated herein, we vacate the trial court's judgment and order that the case be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right: Judgment of the Circuit Court Vacated; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, II, JJ., joined

C. Eric Stevens, Nashville, Tennessee, for the appellant, Williamson Medical Center.

**MEMORANDUM OPINION**[1]

The matter on appeal deals with the compensation owed by an employer to an employee in connection with the employee's jury service. Specifically, we note that pursuant to an order entered on September 19, 2017, the trial court directed the Appellant-employer to pay its employee "for the full twelve (12) hours of her excused shift . . . plus . . . $1.00 per hour shift differential pay." Although the Appellant raises a substantive objection to this order by stating that it was not required to compensate its

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

employee "for more time than was actually spent serving and traveling to and from jury duty," *see* Tenn. Code Ann. § 22-4-106(b), we take specific notice of the unusual manner in which this matter was addressed in the trial court.

The record does not reflect that a complaint or petition was ever filed. Indeed, the first entry in the record is the September 19, 2017 order upon which this appeal is based.[2] Although the order is ostensibly based on a claim for damages asserted by the employee against the Appellant-employer, there is no pleading where the employee ever asserted such a claim. In order to commence a lawsuit, a complaint must be filed with the clerk of the court. *See* Tenn. R. Civ. P. 3 ("All civil actions are commenced by filing a complaint with the clerk of the court."). Here, inasmuch as the employee never asserted any claim by way of a filed pleading, there was no basis to enter a judgment against the Appellant-employer. Indeed, no civil action was ever commenced.[3]

The record suggests that this matter was dealt with following the employee's decision to contact the jury coordinator regarding her compensation. However, aside from the fact that there was never a filed pleading resulting in the commencement of a civil action, it does not appear that a hearing was ever held either. Rather, it appears that the trial court entered an *ex parte* order granting the employee relief in response to correspondence exchanged between the Appellant-employer and the jury coordinator. In a motion to supplement the record, which the trial court found was well-taken, the Appellant-employer stated as follows:

> 2. [The jury coordinator] corresponded with Appellant's counsel via phone and email on or about August 28, 2017, in an attempt to agree on a set of undisputed material facts to submit to Circuit Court Judge Joseph Binkley for his consideration of the matter.
>
> . . . .
>
> 3. On September 19, 2017, the Circuit Court ordered Appellant to pay its employee for her full twelve-hour shift. The Order, which purported to set forth the "undisputed" material facts of the case, did not refer to Appellant's counsel's August 30, 2017 correspondence . . . . Additionally, the Order states that the matter was "heard," which implies a hearing at which the facts upon which the Order was entered were discussed, but no such hearing was held.

---

[2] In a motion filed with this Court, the Appellant-employer refers to the order as being entered *sua sponte.*

[3] As a result of there being no commencement of a civil action, we cannot discern how this "case" obtained its style and docket number.

4.    Currently, the record on appeal consists of (1) the Circuit Court's September 19th Order, (2) Appellant's September 29th Motion to Reconsider, (3) Appellant's Notice of Appeal, (4) the Court's October 23rd Order denying Appellant's Motion to Reconsider, and (5) Appellant's Notice of No Transcript or Statement of Evidence to Be Filed (which Appellant filed on November 3, 2017).  The subject correspondence between [the jury coordinator] and Appellant's counsel is not a part of the record.

5.    Appellant respectfully moves the Court to supplement the record on appeal to include the correspondence between [the jury coordinator] and Appellant's counsel[.]

Even assuming the employee had commenced a civil action by filing a complaint with the clerk, the manner her alleged claim was resolved deserves note.  As detailed above, the record suggests that the basis for the trial court's order was the correspondence between Appellant's counsel and the jury coordinator, and yet, there is no indication that the employee was copied on any of this correspondence.  It is further unclear how the trial court derived "undisputed" facts from this correspondence when there is no indication that the purported claimant-employee was sent any of the emails or responded to them.

For the foregoing reasons, namely the fact that there is no filed pleading indicating that a civil action was ever commenced, we vacate the trial court's judgment and order that the matter be dismissed.  Because we find that there is no party on appeal against whom it would be appropriate to assess costs, appellate court costs are hereby waived.  This case is remanded to the trial court for enforcement of this Court's judgment and for such further proceedings as may be necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE